UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLEG ALBERTOVICH
BOYARKIN,

    Plaintiff,

v.                                        Case No. 8:25-cv-856-TPB-CPT

ALEKSEI MIKHAILOVICH
SKOREV & SARA AMBRAMOVICH,

    Defendants.
_____/

**ORDER DISMISSING CASE**

This matter is before the Court *sua sponte*. Plaintiff Oleg Albertovich Boyarkin, who is proceeding in this matter *pro se*, filed a complaint on April 14, 2025. (Doc. 1). On April 16, 2025, the Court issued an Order directing Plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (Doc. 19). On April 21, 2025, Plaintiff filed a response. (Doc. 21). Upon review of the complaint, Plaintiff's response, the court file, and record, the Court finds as follows:

The complaint in this matter was filed by purported guardian Oleg Olegovich Boyarkin on behalf of his alleged ward, Plaintiff Oleg Albertovich Boyarkin.[1] The Court notes that this case appears to be largely duplicative of a recent case filed by

---

[1] It appears that Oleg Olegovich Boyarkin is Oleg Albertovich Boyarkin's son. A power of attorney form attached to the complaint designates a man named Albert Olegovich Boyarkin as his attorney-in-fact and agent for Oleg Albertovich Boyarkin, but in the event that Albert Olegovich Boyarkin is unwilling or unable to do so, the form designates Oleg Olegovich Boyarkin as attorney-in-fact and agent. It is therefore not clear from the face of the complaint or exhibits whether Oleg Olegovich Boyarkin has the authority to file the complaint on Plaintiff's behalf.

Plaintiff, 8:25-cv-782-TPB-TGW (M.D. Fla. 2025), which the Court dismissed as frivolous on April 7, 2025.[2]

Plaintiff alleges in his instant complaint that Defendants Aleksei Mikhailovich Skorev and Sara Ambramovich kidnapped his children, apparently "coercing them into actions against [Plaintiff]." Plaintiff seeks $23,555.00 for property damage and psychological trauma.[3] He also claims various "constitutional rights" were violated, including the "right to protection of the lives and health of minors," the "right to protection from interstate violence," and the right to a fair trial. It is not entirely clear whether these constitutional violations were committed by Defendants, or whether these constitutional violations arose in another context – namely, in prior cases involving Defendants, or the state court criminal proceeding currently pending against Plaintiff.[4]

Federal courts, as courts of limited jurisdiction, have an obligation to inquire into their subject matter jurisdiction. *See, e.g., Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Indeed, it is well settled that a federal court is obligated to

---

[2] That complaint did not name any defendants, did not state any claims, and included fantastical and irrational allegations.

[3] Plaintiff tries to argue in his response that the amount in controversy is $90,000.00, and that the $23,555.00 alleged in the complaint "represented only part of the damages." The $90,000.00 valuation is allegedly comprised of additional claims for his own psychological trauma, as well as emotional harm to his children.

[4] Plaintiff has been criminally charged for theft in the Twelfth Judicial Circuit Court in and for Sarasota County, Florida. Plaintiff was allegedly stealing from a Walmart store by scanning a barcode for lesser expensive items (such as ramen noodles) at a self-checkout station but placing more expensive items (like expensive cuts of meat) in his bag. He was reportedly observed doing this on multiple occasions. Plaintiff was recently declared incompetent in that case and is undergoing competency restoration. *See State v. Boyarkin*, 2024 CF 003152 NC (Fla. 12th Jud. Cir.).

inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Federal subject matter jurisdiction can be established through federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. The Court concludes that Plaintiff has failed to establish either basis for federal subject matter jurisdiction.

First, considering federal question jurisdiction under 28 U.S.C § 1331, district courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." For purposes of § 1331, the Court applies the well-pleaded complaint rule to determine whether a claim arises under federal law. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001).

Plaintiff first contends that federal question jurisdiction is established because he has alleged a violation of 18 U.S.C. § 1201, which is a federal criminal statute against kidnapping. However, 18 U.S.C. § 1201 carries no private right of action. *See Cox v. Kurz*, No. 8:23CV517, 2024 WL 4391418, at *2 (D. Neb. Oct. 3, 2024) ("[T]here is no private cause of action under . . . 18 U.S.C. § 1201."); *Hernandez v. Graham*, No. 5:18-CV-525-D, 2018 WL 6737400, at *2 (E.D.N.C. Nov. 15, 2018), ("Plaintiff also alleges violation of the federal kidnapping statute, 18 U.S.C. § 1201, but only the United States can enforce its criminal laws, and the statute affords no private cause of action."), *adopted by* 2018 WL 6737356 (E.D.N.C. Dec. 18, 2018). Accordingly, any purported violation of 18 U.S.C. § 1201 raised by a private citizen cannot properly establish a basis for federal question jurisdiction.

Plaintiff also appears to argue that his constitutional rights were violated in some way, perhaps by Defendants. "With a few exceptions, such as the provisions of the Thirteenth Amendment, constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991). Indeed, "[o]ne great object of the Constitution is to permit citizens to structure their private relations as they choose subject only to the constraints of statutory or decisional law." *Id.* Here, the Defendants are private citizens, and no state action is or can be alleged under these facts.

Plaintiff may also be claiming the occurrence of constitutional violations in a pending state court criminal case or in prior cases referenced in the complaint.[5] However, such alleged constitutional violations do not present a federal question upon which jurisdiction may be established. To the extent that Plaintiff asks the Court to intervene in any ongoing state court proceeding, the Court would decline to do so under the *Younger* abstention doctrine. The Court notes that if Plaintiff is unhappy with occurrences in the pending state court criminal case related to the ongoing competency proceedings, the solution is not to file a separate and distinct federal court case seeking a medical evaluation – his dissatisfaction or misapprehension does not provide any basis for federal jurisdiction. Instead, if he has concerns about the current

---

[5] To the extent that Plaintiff seeks review of any final state court judgments, the Court lacks jurisdiction over such claims under the *Rooker-Feldman* doctrine. "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citations omitted). This jurisdictional bar "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Incorvaia v. Incorvaia*, 154 F. App'x 127, 128 (11th Cir. 2005) (quoting *Goodman ex. rel Goodman v. Sipos*, 259 F. 3d 1327, 1332 (11th Cir. 2001)).

timeframes for medical evaluations in the state court case, he may litigate those concerns in the state court case.

Considering diversity jurisdiction under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions where the (1) parties are completely diverse and (2) the amount in controversy exceeds $75,000.00. "Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). "[F]or amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315-16 (11th Cir. 2014).

Here, although the Court gave Plaintiff the opportunity to clarify the citizenships of the parties, he has failed to do so. In fact, he has failed to allege the citizenship of any party, only listing the states in which Defendants have resided.[6] As such, Plaintiff has failed to establish the existence of diversity jurisdiction.

Because Plaintiff has failed to establish either federal question jurisdiction or diversity jurisdiction, this case is dismissed for lack of subject matter jurisdiction.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

---

[6] The Court notes that based on these residencies, it appears that Plaintiff is a citizen of Florida, and that one or more of the Defendants is also a citizen of Florida. As such, there is not complete diversity between the parties.

(2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>2nd</u> day of May, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE